Herbert, J.
The sole issue before us is the constitutionality of the ordinance here in question. The established law controlling this case is not disputed by either side and is so well accepted that citation of authorities is hardly necessary. In fact, both sides advance substantially the same authorities in support of their respective positions. There is a long line of decisions from the cases of Froelich v. City of Cleveland, 99 Ohio St., 376, 124 N. E., 212, and Village of Perrysburg v. Ridgway, a Taxpayer, 108 Ohio St., 245, 140 N. E., 595, down to the case of Perkins v. Village of Quaker City, 165 Ohio St., 120, 133 N. E. (2d), 595, which consider and discuss the powers of local self-government of municipalities, regardless of whether they operate under a charter form of government. We are, therefore, not concerned with the question of the charter or noncharter status of the city of Reading. Our problem here is the reasonableness and uniformity of application of the ordinance in question.
Paragraph three of the syllabus in the Froelich case, supra, states in part:
*282 * * But neither the state nor a municipality may make any regulations which are unreasonable. The means adopted must be suitable to the end in view, must be impartial in operation and not unduly oppressive upon individuals, must have a real and substantial relation to their purpose, and must not interfere with private rights beyond the necessities of the situation. ’ ’
The Perry sburg case, supra, presented basically the question of the reasonableness of the ordinance involved there and, it should be noted, was decided by a four to three vote, with the concurring opinion of Day, J., in which Allen, J., concurred, containing this statement:
“* * # but in event the state should by general law, or through a commission or other agency created pursuant to general law, assert jurisdiction, the questions presented thereby are reserved for future determination.”
The language of Jones, J., dissenting, is pertinent in the instant case. He stated in part:
‘ ‘ This case involves much more than a local regulation. As presented, the question is: May a municipal council adopt a police regulation that affects the citizenry and commerce of the entire state? In this instance the little village of Perrysburg claims the right to deny passengers residing in the village the privilege of embarking or disembarking from a motorbus passing through the village, if the bus is one running for hire. If this may be done, every municipality in Ohio may do likewise, and prohibit, not only the carrying of its resident passengers, but also the carrying of freight for hire. In view of the modern growth of this method of transportation throughout the country, if other municipalities were to adopt a similar policy, the consequences of this decision might indeed be appalling, where, as is claimed in this ease, the state has not acted. * * *”
The majority opinion by "Wanamaker, J., contains the following language:
‘ ‘ There is no discrimination here between the rights of the people within the village and the people without the village. We are not passing upon the question whether or not the municipality saw fit to interfere with through traffic over its streets by entirely prohibiting the same. That question is not here.”
*283 Returning to consideration of the instant ordinance, examination of section I shows three exceptions, namely, operations (1) for the purpose of loading or unloading at a residence, place of business or industry within the boundaries of Reading, (2) for the purpose of traveling to or from a residence, place of business or industry where the vehicles are registered or hired, and (3) over Reading Road, a state highway. Considering these exceptions, the opinion of the trial court disposed of them in this sentence: “They are general in their application and the petitioner ‘or any person’ would have the right to transport any weight load if it qualified itself to come within the exceptions made in the ordinance.” (Emphasis added.)
The Court of Appeals, however, in its judgment entry of reversal found:
“Said ordinance violates the equal protection clause of the Fourteenth Amendment to the Constitution of the United States and Section 2 of Article I of the Constitution of the State of Ohio and is, therefore, illegal and unconstitutional.
“The ordinance is illegal in that it imposes restrictions and penalties on those using the streets engaged in through traffic and imposes no such regulations upon those using the streets for other than through traffic, notwithstanding such traffic imposes the same stress upon the streets and creates the same hazard and the court finds said ordinance of an arbitrary and discriminate classification. ’ ’
Counsel for defendants in his brief admits, in the following words, the inherent fault of the ordinance:
“A resident would have no greater rights or privileges than others to move through the territorial limits of Reading unless he was commencing or terminating travel there. Furthermore the ordinance does not prevent plaintiff: or any other person, firm or corporation from registering a vehicle or vehicles within the boundaries of the city of Reading and taking advantage of this exception. It must be conceded that use of the streets of the city of Reading, Ohio, by residents moving to and from their establishments would cause much less stress and strain and reduce traffic hazards compared with use of streets by additional vehicles with no terminus in the city.”
As set forth in 12 American Jurisprudence, 236, Section *284 538, the constitutional guaranty as to the equal protection of the laws may invalidate statutes and ordinances which effect an unlawful discrimination in favor of a municipality or its inhabitants.
In 16A Corpus Juris Secundum, 242, Section 489, is found this statement:
“There is no general rule by which to distinguish reasonable and lawful from unreasonable and arbitrary classification, the question being a practical one, dependent on experience and varying with the facts in each case.”
Although the cases cited thereunder are not pertinent as to facts, we are of the view that the statement is applicable here. The ordinance in effect discriminates between residents and nonresidents engaged in the operation of trucks weighing in excess of 20,000 pounds. It forbids the operation of all through traffic above this maximum weight except upon Reading Road. The ordinance prohibits all other trucks over the specified maximum weight from attempting to pass through the city from or in any other direction, which effects an unreasonable classification.
This court, therefore, approves the well-reasoned opinion of the Court of Appeals, and its judgment is, accordingly, affirmed.

Judgment affirmed.

WeygaNdt, C. J., ZimmermaN, Stewart, Bell and Matthias, JJ., concur.